JS - 6

O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANG KYEUN SUN,** | CASE NO. SACV 10-0004 AG (MLGx) |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE AND DENYING MOTION TO DISMISS** |
| **BANK OF AMERICA CORPORATION,** *a Delaware Corporation,* **RECONTRUST COMPANY, N.A.,** *business entity unknown,* **AND DOES 1 through 50,** | |
| Defendants. | |

This case involves a mortgage foreclosure dispute. It was originally filed in state court, but was then removed to federal court. Defendant Bank of America Corporation ("BOA") filed a Motion to Dismiss the case (the "Motion"). Around the same time, this Court ordered BOA and Defendant ReconTrust Company, N.A. (collectively "Defendants") to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. After considering the parties' arguments, the Court REMANDS the case to the California Superior Court and DENIES the Motion as moot.

**BACKGROUND**

Plaintiff Sang Kyeun Sun ("Plaintiff"), a California resident, obtained a $1,000,000 loan from BOA to purchase a home in Irvine, CA. (Compl. 2:14-16.) Plaintiff stopped making payments on the loan. Defendants then sought a non-judicial foreclosure of the purchased home. (Compl. 2:22-25.)

Before the home could be sold, Plaintiff filed a complaint in Orange County Superior Court, alleging violations of the California Civil Code for (1) failure to contact plaintiff under § 2923.5(a)(2); (2) failure to conduct due diligence under § 2923.5(b) and (g); and (3) improperly recording the Notice of Default under § 2015.5. The Defendants listed in the Complaint are BOA, a Delaware Corporation with its principal place of business in North Carolina, and ReconTrust, a citizen of California. (Notice of Removal ¶¶6-7.)

On December 22, 2009, ReconTrust filed a Declaration of Non-Monetary Status with the state court under California Civil Code § 2924l. Thirteen days later, Defendants removed the case to federal court, arguing that the Court has diversity jurisdiction over this case. Defendants then moved to dismiss the case for failure to state a claim.

Because Plaintiff and ReconTrust are both California citizens, the Court ordered the Defendants to show cause in writing why this action should not be remanded to state court for lack of subject matter jurisdiction. Defendants addressed this issue in their reply to Plaintiff's opposition of the Motion, arguing that diversity jurisdiction exists because Plaintiff and BOA are completely diverse, and ReconTrust's California citizenship is irrelevant since it was fraudulently joined or a nominal party to the action.

This Court now considers whether Defendants are correct.

**ANALYSIS**

**1.    SUBJECT MATTER JURISDICTION**

Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states.  28 U.S.C. § 1332.  Diversity jurisdiction under § 1332 requires that each plaintiff be diverse from each defendant.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)).  To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand.  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).  Any doubt as to the right of removal must be resolved in favor of remand.  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (internal citations omitted).

Generally, if at least one plaintiff is a citizen of the same state as at least one defendant, diversity jurisdiction does not exist.  But there are exceptions to this rule.

Here, although Defendants acknowledge that both Plaintiff and ReconTrust are California citizens, they argue that federal diversity jurisdiction is proper in this case because ReconTrust is a nominal party or fraudulently joined defendant, and should not be considered in establishing diversity.  (Notice of Removal ¶¶ 3-9.)  But the Court finds that Defendants have failed to establish that ReconTrust was a nominal party at the time of removal or fraudulently joined, and finds that federal jurisdiction is improper in this case.

**1.1    Nominal Party Status Exception**

One such exception to the complete diversity requirement is the "nominal party" status exception.  "Defendants who are nominal parties with nothing at stake may be disregarded in

3

determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).

Here, the issue of nominal party status involves California's statute on non-monetary parties, California Civil Code § 2924l. Under § 2924l, a trustee may declare non-monetary status in state court if "it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee. . . ." § 2924l(a). If there is no objection to the declaration within 15 days of filing, the trustee gains non-monetary party status. *See* Cal. Civ. Code § 2924l(d). And federal courts have considered § 2924l non-monetary parties to be nominal parties. *See Amaro v. Option One Mortgage Corp.*, No. 08-1498 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009); *Hafiz v. Greenpoint Mortgage Funding., Inc.*, 2009 WL 2137423, at *2 (N.D. Cal. July 16, 2009).

Defendants argue that because ReconTrust filed a Declaration of Non-monetary Status with the state court on December 22, ReconTrust is a nominal party and its citizenship should not be considered for diversity. The Court disagrees.

Federal diversity jurisdiction must exist "as of the time the complaint is filed and removal is effected." *See id*; *see also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir.1998) (diversity must exist when action is removed). At the time of removal, ReconTrust had not attained nominal party status. A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection. Cal. Civ. Code § 2924l(d), *see also Kang v. Bank of Am. Home Loans Servicing, LP*, No. 09-8890 (C.D. Cal. Jan. 5, 2010) (order denying reconsideration). Here, Defendants removed the action to federal court on January 4, only 13 days after ReconTrust filed its Declaration of Non-monetary Status on December 22. Thus, at the time of removal ReconTrust did not have nominal status.

The nominal party status exception does not apply.

### 1.2 Fraudulent Joinder Exception

Removal is also proper despite the presence of a non-diverse defendant if that defendant is a "fraudulently joined" or "sham" defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A defendant has been fraudulently joined if the plaintiff fails to state a claim against a resident defendant, and the failure is "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002). In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). A court may look beyond the pleadings to determine if a defendant is fraudulently joined, but "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *See Knutson v. Allis-Chalmers Corp.,* 358 F.Supp.2d 983, 993-95 (D.Nev. 2005) (collecting cases); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *See Burris v. AT&T Wireless, Inc.,* 2006 WL 2038040, at *2 (N.D. Cal. 2006) (citing *Nickelberry v. DiamlerChrysler Corp.,* 2006 WL 997391, at *1-2 (N.D. Cal. 2006)). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT&T Corp.*, No. 09-0471, slip op. at 5 (C.D. Cal. Dec. 21, 2009) (citing *Burris v. AT&T Wireless, Inc.*, No. 06-2904, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (internal citation omitted)).

Here, Plaintiff asserts against ReconTrust state law causes of action for: (1) failure to contact Plaintiff under California Civil Code § 2923.5(a)(2); (2) failure to conduct due diligence under § 2923.5(b) and (g); and (3) improperly recording the Notice of Default under § 2015.5. Therefore, Defendants must show that it is "well-settled" and "obvious" that there is no

possibility of Plaintiff succeeding against ReconTrust on any of these causes of action. *See McCabe v. Gen. Foods Corp*, 811 F.3d 1336, 1339 (9th Cir. 1987).

Defendants first argue that Plaintiff cannot state a cause of action against ReconTrust for failure to contact Plaintiff or do due diligence because ReconTrust, as a trustee, has no duty to contact Plaintiff or do due diligence under § 2923.5(a)(2), (b) and (g). They argue these sections only apply to a "mortgagee, beneficiary or authorized agent. . . ." § 2923.5(a), (g). Since "trustee" is not specifically listed as an entity with duties under these provisions, Defendants contend it is "obvious" and "well-settled" that Plaintiff cannot succeed against ReconTrust. Plaintiff disagrees with this argument. According to Plaintiff's argument, Plaintiff states a valid cause of action against ReconTrust since ReconTrust acted as an "authorized agent" of BOA under § 2923.5(a) and (g).

Although Defendants' argument may prevail in later stages, the Court finds that it is not "well-settled" whether trustees can be considered "authorized agents" under § 2923.5(a) and (g). Defendants cite no case or statute establishing that trustees cannot be authorized agents under the relevant provisions. Rather, they argue that the provisions should be construed to exclude trustees because other sections of the statute list trustees specifically. But an unanswered question of California law, such as construction of § 2923.5, "should be addressed by the California courts through the use of California procedural devices, not by Federal courts through assertions of fraudulent joinder." *Kang v. Bank of America Home Loans Servicing*, No. 09-8890 (C.D. Cal. Dec. 22, 2009) (holding as unsettled law whether same Defendant ReconTrust is an "authorized agent" under § 2923.5 and remanding to state court). Accordingly, Defendants' argument fails.

Defendants also argue that there is no private right of action under § 2923.5 and that bars Plaintiff from recovering from ReconTrust. One court has agreed with Defendants that there is no private right of action under § 2923.5. *See Gaitan v. Mortgage Electronic Reg. Sys., Inc.*, No 09-1009, 2009 WL 3244729, at *7 (E.D. Cal. Oct. 5, 2009) (finding no private right of action under § 2923.5). But another court disagrees. *See Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009) (holding that a private right of action under § 2923.5

6

exists because "the California legislature would not have enacted this 'urgency' legislation, intended to curb high foreclosure rates in the state, without any accompanying enforcement mechanism"). Because there is disagreement, it is not "obvious" or "well-settled" that Plaintiffs cannot recover under § 2923.5.

Finally, Defendants argue that all of Plaintiff's causes of action are barred because Plaintiff has failed to allege that he can tender the principal of the loan. But, Defendants fail to establish that this potential pleading defect could not be cured through amendment. And removal based on fraudulent joinder is not appropriate unless Defendants show that Plaintiff "would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla,* No. 09-0471, slip op. at 5.

### 1.3  Conclusion

In sum, the Court finds that the nominal party status and fraudulent joinder exceptions to the complete diversity requirement do not apply here, and removal to federal court was improper. Thus, the Court finds that it lacks subject matter jurisdiction over this case and REMANDS the case to California Superior Court.

## 2.  MOTION TO DISMISS

Because this case is remanded to state court, the Motion to Dismiss is DENIED as moot.

**DISPOSITION**

The Court REMANDS the case to the California Superior Court and DENIES Defendants' Motion to Dismiss as moot.

IT IS SO ORDERED.

DATED: February 8, 2010

                                                  Andrew J. Guilford
                                           United States District Judge